# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| CHRISTOPHER ENGLAND, ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. _____ |
| ) | |
| MIDWEST TRANSPORTAITION INC. ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

Christopher England, hereinafter referee to ("Plaintiff"), files this Complaint against, Defendant herein, and alleges:

## PARTIES

1. Plaintiff, Christopher England, an individual, resides in Orange County, Florida.

2. Defendant, has a principal place of business at 205 S. Cross Street, Robinson, Illinois, in Crawford County Illinois, but this action arose in its Florida office.

## JURISDICTION

3. The action arises under 42 U.S.C. §§ 12112 et seq., as hereinafter more fully appears.

4. This Court has supplemental jurisdiction over state law claims discussed below under 28 U.S.C. Section 1367(a) because they arise out of the same case or controversy.

**NATURE OF ACTION**

5. This is an action under Title 42 U.S.C. Section 12101 et. seq. to correct unlawful employment practices on the basis of disability.

**CONDITIONS PRECEDENT**

6. All conditions precedent to jurisdiction have occurred or been complied with: a charge of discrimination was filed with the Equal Employment Opportunity Commission within three-hundred days of the acts complained of herein and Plaintiff's Complaint is filed within ninety days of Plaintiff's receipt of the Equal Employment Opportunity Commission's issuance of a right to sue letter.

**FACTS**

7. Christopher England was hired by Midwest Transportation's Florida office in July of 2016. He served as a driver.

8. Christopher England (hereinafter referred to as "England"), was an employee for Midwest Transportation, his primary duties were to drive the company vehicle during the overnight shift. His normal schedule was around 6:30 p.m. to 6:30 a.m.

9. Around December 2017, England began seeing a psychiatrist.

10. He was still able to perform his normal job functions, and he had not

received any disciplinary actions taken against him or write ups.

11. England's record was spotless besides a vehicle accident on or about January 20, 2017 that was not his fault. The accident was deemed a non-preventable accident.

12. On or about March 20, 2020, England was asked via text message to take a random drug test.

13. Although it is company policy to issue random drug test, it is not company policy to notify employees about a drug test via text message. Typically, a letter is issued to notify the employee of such test.

14. It is not clear whether Mr. England in fact received this text message, but he was notified via telephone an hour or less before his shift.

15. England explained to his manager that he would be happy to comply with the drug screening, but he was going on leave due to medical issues.

16. The very next day, England provided his employers with a doctor's note informing them of his medical condition, specifically his inability to drive at night.

17. England's employers continuously called him about the random drug test but never gave him adequate notice or let him know of the time or location of where the drug test would be administered.

18. England even asked if he could take the drug test while he was on leave even though drug tests are usually administered while one is working.

19. England never got a response on whether this would be feasible or not.

20. England did his due diligence in letting Midwest Transportation know he

was going to be on leave and reporting that he would not be able to drive at night due to his new medication.

21. England followed the protocol on reporting any drug or prescription medication that would impair or inhibit his ability to operate the vehicle safely according to the company policy.

22. England continued treating for his medical condition as he assumed he was on leave.

23. England was inadvertently informed he was fired when his insurance company told him his policy had been canceled. When he inquired why his policy was canceled, he was then told Midwest Transportation let him go.

24. Instead of being rewarded for his exemplary record and reporting his new medication according to company policy, England was fired for having a medical disability.

25. Midwest Transportation did not ask England for more information regarding his disability.

26. Midwest Transportation did not try to accommodate England after learning about his disability such as offering him a day time shift.

27. Midwest Transportation fired England in late March without even notifying England that he was being fired.

## COUNT 1
## FAILURE TO PROVIDE A REASONABLE ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. §§ 12112 et seq.

28. Plaintiff adopts by reference, as if set out fully and completely in this Count, the following statements of this Complaint: Paragraphs 1 through 27.

29. Defendant, Midwest Transportation Inc., intentionally engaged in unlawful employment practices involving Plaintiff because of Plaintiff's disability.

30. Defendant, Midwest Transportation Inc., intentionally discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment in violation of 42 U.S.C. Section 12112. The effect of these practices has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect Plaintiff's status as an employee.

31. At all material times, Plaintiff was able to perform the essential functions of Plaintiff's position with accommodation. Plaintiff has a disability which substantially limits at least one major life activity. Plaintiff was discriminated against on the basis of Plaintiff's disability.

## COUNT 2
## RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. §§ 12112 ET SEQ., AGAINST MIDWEST TRANSPORTATION INC.

32. Plaintiff adopts by reference, as if set out fully and completely in this Count, the following statements of this Complaint: Paragraphs 1 through 27.

33. Plaintiff alleges Midwest Transportation Inc., instituted a campaign of retaliation which included having supervisors continuously call and text England about a

drug test without telling him where, what time, and if he was able to take this drug test while on leave. This was outside of the protocol for company required drug test. This retaliation was and is due to Plaintiff's leave and disability. Plaintiff suffered damages for which Plaintiff herein sues.

## COUNT 3
## SPECIFIC RELIEF

34. Plaintiff adopts by reference, as if set out fully and completely in this Count, the following statements of this Complaint: Paragraphs 1 through 27.

35. Plaintiff seeks the following specific relief which arises out of the actions and/or omissions of Defendant described hereinabove:

    a. Prohibit by injunction the Defendant from engaging in unlawful employment practices.

## DEMAND FOR ATTORNEY'S FEES

Plaintiff has employed Rasheed Karim Allen for representation in this action, and has agreed to pay a reasonable attorney fee to Rasheed Karim Allen.

Plaintiff is entitled to recover reasonable attorney's fees incurred in connection with this action pursuant to, inter alia, Section 760.11 of the Florida Statutes and 42 U.S.C. Section 12112.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial of this action by jury.

## DEMAND FOR JUDGMENT

**WHEREFORE**, Plaintiff demands a jury trial of this action, and further demands

judgment against Defendant for general damages, specific relief, special damages, attorney's fees, and for such other and further relief, in law or in equity, to which Plaintiff may be justly entitled.

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2020, a copy of the foregoing document was electronically filed with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the persons listed below.

Midwest Transportation Inc.
205 S Cross Street
Robinson, Illinois 62454
Telephone: (618) 544-3399

        Respectfully submitted,

        ALLEN & DAWSON, PLLC.
        189 S. Orange Avenue, Suite 1530-B
        Orlando, Florida 32801
        Telephone: (407) 986-2092

        /s/Rasheed Karim Allen
        Rasheed Karim Allen
        Attorney for Plaintiff
        Florida Bar Number: 88525